(70 App. Div. 71.)

DUNLOP v. JAMES et al.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

MORTGAGE OF LEASEHOLD — ASSIGNMENT OF LEASE — PERSONAL LIABILITY OF
    ASSIGNEE.

Defendant assigned a lease to a third person, who executed a bond
to plaintiff, secured by mortgage on the leasehold, and a declaration,
not referred to in either instrument, reciting that a certain sum would
be deposited each month, out of the rents, with plaintiff's attorneys, to
cover the ground rent and payments on the mortgage, etc. The mort-
gage provided that on default the plaintiff might take possession.
Thereafter, and on the same day, the third person reassigned to defend-
ant subject to "a mortgage of even date herewith." Defendant did not
assume payment of the mortgage, though present at its execution. He
had expressly guarantied two installments on the bond. It did not ap-
pear that he received any of the money loaned, or that there was any
mistake in the execution of the documents, or that any agreement to
reassign had been made when they were executed. Held, that defend-
ant was not personally liable for rents received by him and not paid
over to plaintiff's attorneys in accordance with the declaration.

Appeal from trial term, New York county.

Action to foreclose a mortgage by Clark W. Dunlop against
Frederick T. James and Marietta Wilsey. From so much of the
judgment rendered as adjudged that he was not entitled to recover
a deficiency judgment against James, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN,
INGRAHAM, and LAUGHLIN, JJ.

O. J. Wells, for appellant.
John P. Everett, for respondents.

LAUGHLIN, J. This action is brought to foreclose a mortgage
on a leasehold interest in premises No. 20 Warren street, New York
City, and to have the defendant James adjudged liable for any de-
ficiency to the extent of $850. The court had granted a decree in
foreclosure, but has decided that the defendant James is not per-
sonally liable. The material facts are not controverted. On the
3d day of April, 1899, the defendant James owned, by assignment,
a lease of the premises in question, made by the Trinity Church
Corporation on the 15th day of April, 1890, for 21 years from May
1, 1890, and on that day he executed an assignment thereof in writ-
ing to the defendant Wilsey, the consideration recited being $25,000.
On the same day the defendant Wilsey executed a bond to the
plaintiff in the penal sum of $28,000, conditioned for the payment
of $14,000 in five semiannual payments of $500, commencing No-
vember 1, 1899, and the balance on May 1, 1902, with 6 per cent.
interest semiannually, and conditioned that the whole amount should,
at the option of the mortgagee, grow due on default for 30 days
in the payment of interest, or for 90 days in the payment of any
tax or assessment upon the premises. The mortgage accompany-
ing the bond covers the lease and describes the property, recites
the assignment by defendant James to defendant Wilsey, and that
the latter was justly indebted to the plaintiff in the sum of $14,000,
secured by a bond of even date therewith, and recites the conditions

of the bond as to default in payment of interest, but not as to default in payment of taxes and assessments, but makes reference to the bond as more fully showing the default as to interest, and the effect thereof. It also recites that the mortgage is intended "for the better securing" the sum of money mentioned in the bond, together with interest thereon. The mortgage further provides that it is made subject to the rents, covenants, conditions, and provisions of said lease, and that, if the mortgagor shall pay the sum mentioned in the condition of the bond, and interest as therein provided, in that event the mortgage should be void. The mortgagor covenanted to pay the money as conditioned in the bond. It was further therein provided that, if default should be made in the payment of the sum specified on the bond or interest, then it should be lawful for the mortgagee to sell the lease and the remainder of the term at public auction, "according to the act in such case made and provided," and out of the moneys arising from the sale to retain the principal and interest then due, together with costs and charges of the sale and advertising, and pay the surplus, if any, to the mortgagor. The mortgage also contained an agreement that the mortgagor should keep the buildings insured, and assign the policy to the mortgagee, and in default thereof that the mortgagee might effect such insurance, and the cost thereof should be a lien on the mortgaged premises, and forthwith become due; that the mortgagor should pay all taxes and assessments, and in default thereof for 90 days the mortgagee might pay the same, and the amount so paid should forthwith become due and payable, and be deemed secured by the mortgage, and collectible in the manner provided for the collection of interest on the principal, and in default of such payment the whole principal should at the option of the mortgagee immediately become due and payable; that the mortgagor would pay the ground rent reserved in the lease when the same became due as therein provided, and in default on her part on any covenant or condition of the lease the mortgagee might, at his election, consider the entire principal due and payable forthwith, and he might pay the ground rent if the mortgagor should default in paying the same, and the amount so paid should be a lien on the premises payable on demand; that, if ground rents should remain unpaid for 10 days after becoming due, the mortgagee might forthwith, without notice to any person or application to any court, enter upon and take possession of the premises; and for that purpose the mortgagor therein assigned the rents and profits to him, with power to let the premises, receive the rents, issues, and profits thereof, and apply the same, after paying necessary expenses and charges, on account of the ground rent, taxes, and amount secured by the mortgage. At the time of the execution of this bond and mortgage the defendant Wilsey signed, sealed, acknowledged, and delivered to the plaintiff a written instrument as follows:

"Whereas, Marietta Wilsey has executed a bond of even date herewith, conditioned for the payment to Clark W. Dunlop of the sum of fourteen thousand dollars and interest, and secured by a mortgage of even date

herewith, covering leasehold premises No. 20 Warren street, in the borough of Manhattan, city of New York; and whereas, it is intended that an amount sufficient to meet the amounts that shall grow due for the ground rent, interest, and installment on said mortgage, taxes, water rates, and insurance shall be accumulated from the rents of said premises: Now this indenture witnesseth, that four hundred and twenty-five dollars ($425.00) on each and every month, during the continuance of said mortgage, from the rents of said premises, shall be deposited with Wells, Waldo & Snedeker, attorneys and counselors at law, No. 34 Nassau street, New York City, who agree to retain said amounts, and deposit them in a trust company for the purposes aforesaid, and to allow the trust company's rate of interest, to wit, two per cent., while they remain on deposit as aforesaid, and said Marietta Wilsey hereby agrees to pay each and every month until the aforesaid mortgage is paid in full, to said Wells, Waldo & Snedeker, from said rents, said amount of four hundred and twenty-five dollars."

It will be observed that this declaration does not recite any consideration, does not purport to be an agreement with anybody, and that it is not referred to in the bond or mortgage. At the time of the execution of the bond the defendant James indorsed a guaranty thereon of the first two installments falling due thereunder and of the interest falling due at the same time. These have been paid. After the execution of these papers, and on the same day, the defendant Wilsey reassigned the lease to the defendant James. The assignment recites a consideration of $25,000, being the same as that stated in the assignment from him to her. The assignment was expressly made subject to "a mortgage of even date herewith, given to secure the payment of $14,000 and interest." The defendant James did not assume the payment of the mortgage or the obligations of the defendant Wilsey under the declaration herein quoted, although he was present at the time of its execution, and knew the contents thereof. These facts were fully known to all of the parties. There is no claim of fraud or deception on the part of the defendant James. The papers were all executed, as has been seen, the same day, and they were all drawn by the plaintiff's attorneys, who were aware of the fact that the defendant James did not wish to become personally liable on the bond or mortgage to a greater extent than the two installments which he guarantied.

The appellant concedes that there was no personal obligation assumed or intended to be assumed by the defendant James for the payment of any part of the principal or interest represented by the bond, other than the first two installments, which are not in question. It is claimed, however, that, inasmuch as James knew of this declaration with reference to depositing the rents made by his assignor, he received the rents impressed with a trust to apply the same according to that declaration. Not only did James not assume the liability of his assignor under that declaration, but it does not even appear that he received the money that was loaned on the faith of the bond and mortgage, nor in fact is it shown that any money whatever was loaned thereon. It is not alleged, nor was any proof offered tending to show any mistake, mutual or otherwise, with reference to the contents of any of the documents enumerated. It has neither been alleged, proved, nor claimed that the defendant James agreed to turn over the rents in accordance with the declaration made by his assignor,

or that any such agreement was omitted from the writings through fraud or mistake. While it appears that the lease was reassigned to James the same day he assigned it to the defendant Wilsey, yet it was not shown that at the time of the execution of the bond and mortgage and declaration by her the agreement to reassign had been made, or that it was then understood by the parties that it was to be reassigned to James. We are of opinion that on the facts proved the defendant James is not personally liable for rents received which were not paid over to the plaintiff's attorneys in accordance with the defendant Wilsey's declaration. If there was default in the payment of the principal, interest, taxes, assessments, or ground rents, the appellant was at liberty to pursue his rights and remedies under the bond and mortgage. One right and remedy was to obtain possession of the premises and collect the rents himself; but, inasmuch as the defendant was under no legal obligation to the plaintiff, the latter could not suffer the former to collect them, and then hold him personally liable therefor.

It follows that the judgment appealed from should be affirmed, with costs. All concur.